## CIRCUIT COURT OF THE CITY OF ROANOKE

Robert L. Carter

v.

Virginia Employment Commission

November 15, 1999

Case No. CH99-497

BY JUDGE ROBERT P. DOHERTY, JR.

Claimant was fired from his driving job because of multiple speeding tickets, and he was fired from his job as a dishwasher because of fighting with a co-worker. The Virginia Employment Commission denied his claim for unemployment benefits finding that his terminations were due to his own misconduct. *Pro se* Claimant argues that his speeding tickets should not be treated as misconduct, citing in mitigation a National Safety Council Defensive Driving Course that he completed. He further argues that since the assault and battery charge against him was dismissed because the complaining witness failed to appear at trial, that his fight with his co-worker should not be treated as misconduct. The Attorney General contends that Claimant's actions did amount to misconduct and, in the alternative, that this case should be dismissed for failure of the Claimant to join his employers as parties to this lawsuit. The Court agrees with both positions taken by the Attorney General.

### Necessary Parties

The analysis by the Attorney General of § 60.2-625, Code of Virginia (1950), as amended, is accurate. This is not a common law action. The entire proceeding is governed by statute, and the Court's jurisdiction is limited to that conferred by the legislature. In order to perfect an appeal and to cloak the

circuit court with the necessary authority to conduct appellate review of the Commission's decisions, the Claimant must file his actions against both the Commission and his employers. The language of § 60.2-625 is mandatory. Unless the Claimant joins his employers as defendants in his appeals, they fail. He did not do so in these instances, and, accordingly, they must be dismissed.

The additional arguments raised in this case have become moot because of the Claimant's failure to follow the dictates of the statute. However, the Court will respond in the form of *obiter dictum* to the specific issues dealing with employee misconduct in order to answer the questions raised by the Claimant.

## Misconduct

Claimant's driving behavior in a company vehicle caused his employer's insurance company to cancel its insurance with respect to him. His actions behind the wheel were voluntary actions and contrary to company policy. The decision of the Commission that Claimant's excessive accumulation of speeding tickets amounted to misconduct as contemplated by the statute was not unreasonable. It is not a decision that would be disturbed on appeal.

It was also a violation of his employer's regulations when he struck a co-worker. It is not relevant that the assault and battery was dismissed. What the criminal court did concerning the crime with which Claimant was charged had no bearing on his employment. He was fired for causing a disturbance at work, injuring a co-worker, and opening his employer up to potential liability. Those actions fall well within the misconduct contemplated by § 60.2-618(2). The Commission did not commit error when it found that the Claimant was disqualified for unemployment benefits because he assaulted a co-worker.